```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
GARY LABARBERA and FRANK FINKEL,
Trustees of Local 282 International
Brotherhood of Teamsters Welfare, Pension,
Annuity, Job Training and Vacation Sick Leave
Trust Funds,
                                                                    REPORT &
                        Plaintiffs,                                 RECOMMENDATION
                                                                    CV-07-4698 (NG)(SMG)
        -against-

AVALINE TRUCKING INC. and
SHARON MAY WILBY d/b/a
AVALINE TRUCKING,

                        Defendants.
----------------------------------------------------------------X
GOLD, S., U.S.M.J.:
```

## Introduction

Plaintiffs, trustees of Local 282 International Brotherhood of Teamsters Welfare, Pension, Annuity, Job Training and Vacation and Sick Leave Trust Funds (collectively, the "Funds"), bring this action pursuant to Section 502 of the Employer Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1132 and 1145, and Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. Plaintiffs seek to recover amounts allegedly owed by defendants Avaline Trucking Inc. ("Avaline") and Sharon May Wilby d/b/a/ Avaline Trucking ("Wilby"), to the Funds for delinquent contributions. Plaintiffs also seek a permanent injunction directing defendants to submit required contribution reports and pay fringe benefit contributions in compliance with the terms of a Collective Bargaining Agreement ("CBA") and Restated Agreement and Declaration of Trust ("Trust Agreement").

Upon plaintiffs' application and in light of defendant Wilby's failure to appear in or otherwise defend this action, the Clerk of the Court noted the default of Wilby on March 12,

2008. Docket Entry 6. There is no record of service of process as to defendant Avaline and thus the Clerk of the Court did not note its default. *See* Docket Entries 3, 6. United States District Judge Nina Gershon then referred this case to me to report and recommend on the amount of damages and other relief, if any, to be afforded. Docket Entry 7.

Plaintiffs have submitted an affirmation ("Schreiber Aff.") and a supplemental declaration of their counsel ("Supp. Schreiber Decl.") as well as exhibits in support of their application for damages. Docket Entries 5, 9. I determine what damages to recommend based on these submissions.

## Facts

Plaintiffs allege that they are trustees of multiemployer benefit plans as defined by ERISA. Compl. ¶¶ 2, 3. The Funds provide fringe benefits to employees working within the trade and geographical jurisdictions of Local 282 of the International Brotherhood of Teamsters. *Id.* ¶ 4. The complaint alleges that defendant Avaline is a company that transacts business in the State of New York and defendant Wilby is the sole proprietor of Avaline. *Id.* ¶¶ 6, 7. In their motion for a default judgment, however, plaintiffs allege that there is no record of Avaline as a duly authorized corporation with the New York State, Department of State, Division of Corporations. Schreiber Aff. ¶ 4.

Local 282 and Avaline entered into the CBA, effective September 1, 2006 through June 30, 2009, which requires Avaline to submit monthly report forms and pay fringe benefit contributions on behalf of its union-member employees to the Funds. Compl. ¶¶ 10, 11; Schreiber Aff., Ex. B. The purpose of the monthly report forms is to verify the accuracy of defendants' payments and to insure that the proper number of hours are credited to individual

employees. Compl. ¶ 12. Pursuant to Section 12(F) of the CBA, an employer is required to pay contributions on a monthly basis. Schreiber Aff., Ex. B. Where an employer has not posted a surety bond, however, Section 13(A) requires remittance reports and payments to be made each week. *Id*. Plaintiffs allege that defendants have not posted a surety bond and thus reports and payments are due on a weekly basis. Schreiber Aff. ¶ 12. Defendants are also bound by the terms of the Trust Agreement, which is incorporated by reference in Section 12(G) of the CBA. *Id*. ¶ 13 & Ex. B. Article IX, Section 1(b) of the Trust Agreement provides that a contribution payment will be deemed timely if it is made by the employer on the due date established in the CBA. *Id*., Ex. C. An employer in default for five workings days is obligated to pay interest, attorney's fees, auditor's fees and liquidated damages. *Id*., Ex. B, Section 12(G) of the CBA; Ex. C, Article IX, Section 3 of the Trust Agreement. Article IX, Section 3 of the Trust Agreement also provides the interest rate and liquidated damages calculations for unpaid or delinquent contributions. *Id*., Ex. C.

Plaintiffs filed the instant action on November 9, 2007, alleging that plaintiffs' representative had demanded report forms from Avaline and that Avaline had failed to file the forms and to pay benefit contributions. Compl. ¶¶ 14, 15. The complaint states that the report forms are needed in order to determine the amount of plaintiffs' damages. *Id*. ¶ 15. Plaintiffs' complaint thus demands that defendants be directed to file the "outstanding" reports and that "judgment be entered in such amount as the report forms will determine to be found due and owing, together with interest, attorney's fees, liquidated damages and disbursements." *Id*. at Wherefore Clause. In addition, plaintiffs seek a mandatory injunction directing defendants to "comply with the terms of the [CBA] and [Trust Agreement] . . . including but not limited to the

3

reporting and paying of all fringe benefit contributions in a timely fashion." *Id*.

Plaintiffs concede that, after service of the summons and complaint, defendants submitted reports for the weeks ending July 6, 2007 though October 31, 2007, and paid all of the principal amounts due. Schreiber Aff. ¶ 15 & Exs. D, E. However, plaintiffs still seek to recover interest, liquidated damages and attorney's fees associated with the delinquent payments. Compl. ¶ 15; Schreiber Aff. ¶ 17. Plaintiffs further concede that, after filing their motion for default judgment, defendants submitted reports for the weeks ending November 2, 2007 through January 31, 2008, and paid all of the principal amounts due. Supp. Schreiber Decl. ¶ 4. Plaintiffs seek to recover interest, liquidated damages and attorney's fees associated with the delinquent payments. Schreiber Aff. ¶¶ 28, 30; Supp. Schreiber Decl. ¶¶ 6, 7.

## Discussion

*A. Liability*

Once found to be in default, a defendant is deemed to have admitted all of the well-pleaded allegations in the complaint pertaining to liability. *See Greyhound Exhibitgroup, Inc., v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992), *cert. denied*, 506 U.S. 1080, 113 S. Ct. 1049 (1993); *Montcalm Pub. Corp. v. Ryan*, 807 F. Supp. 975, 977 (S.D.N.Y. 1992). A court, however, retains the discretion to determine whether entry of a final default judgment is appropriate. *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993). Even after a defendant has defaulted, "[a] plaintiff must . . . establish that on the law it is entitled to the relief it seeks, given the facts as established by the default." *U.S. v. Ponte*, 246 F. Supp. 2d 74, 76 (D. Me. 2003) (citation omitted). *See also Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981) (recognizing the court's authority, even after default, to determine whether plaintiff

has stated a cause of action).

*1. Liability of Defendants*

Two questions with respect to liability are raised by the particular facts of this case: 1) whether Avaline may properly be held liable despite the fact that it was never served with a summons and complaint, and 2) whether Wilby may be held personally liable under ERISA, which provides for liability against an "employer".

As mentioned above, plaintiffs name defendant Avaline in their complaint and in their motion for default judgment; however, the docket sheet reflects that Avaline was never properly served with a summons and complaint. *See* Docket Entries 3, 6. Although a district court has broad discretion over whether to grant a motion for default judgment, a default judgment "cannot be entered unless the Court has 'jurisdiction over the party against whom the judgment is sought, which also means that [the defendant] must have been effectively served with process.'" *Kee v. Hasty*, 2004 WL 807071, at *4 (S.D.N.Y. Apr. 14, 2004) (quoting WRIGHT, MILLER & KANE, FEDERAL PRACTICE AND PROCEDURE CIVIL 2d § 2682). Because Avaline was never served with a summons and complaint, this Court does not have jurisdiction over Avaline, and Avaline may not be held liable in this action.

Plaintiffs allege that Wilby, the sole proprietor of Avaline, should be held personally liable under the CBA. Schreiber Aff. ¶ 4. Ordinarily, unless officer liability is explicitly imposed by the governing CBA, a corporate officer is not personally liable for the ERISA obligations of the corporation absent special circumstances, such as fraud or facts warranting piercing the corporate veil. *Mason Tenders Dist. Council Welfare Fund v. Thomsen Constr. Co.*, 301 F.3d 50, 53 (2d Cir. 2002); *Cement & Concrete Workers District Council Welfare Fund v.*

5

*Lollo*, 35 F.3d 29, 36-37 (2d Cir. 1994). This is so because Section 1145 "permits recovery only against those employers who are already obligated, in the absence of ERISA, to make ERISA contributions." *Lollo*, 35 F.3d at 36. "Thus . . . the employer's obligation [has] to arise from a source other than ERISA since the existence of the obligation [is] a precondition to the duty arising under § 1145." *Id.* (finding that a corporate officer who assumes responsibility for his company's ERISA obligations by signing a CBA with a personal liability provision, qualifies as an employer under Section 1145).

Wilby did not sign the CBA on her own behalf, and there is no personal liability provision in the agreement. *See* Schreiber Aff., Ex. B. Nevertheless, plaintiffs claim that Wilby should be held personally liable because she acted on behalf of a nonexistent corporation. As noted above, plaintiffs allege there is no record of Avaline as a duly authorized corporation with the New York State, Department of State, Division of Corporations. Indeed, the Division of Corporations' website contains no active or inactive entities by the name of "Avaline Trucking". *See* NYS Department of State, Division of Corporations, Entity Database, http://appsext8.dos.state.ny.us/corp_public/corpsearch.entity_search_entry (enter "Avaline Trucking" into "Entity Name"; select "All" from "Name Type", and "Contains" from "Search Type"; then "Search Database") (last visited July 7, 2009). Under New York law, "[a]n individual who does business as a nonexistent corporation is personally liable in suits brought against the 'corporation.'" *Animazing Entm't Inc. v. Louis Lofredo Assocs. Inc.,* 88 F. Supp. 2d 265, 271 (S.D.N.Y. 2000) (citing *Poritzky v. Wachtel*, 27 N.Y.S.2d 316, 317 (N.Y. Sup. Ct. 1941)) (citations omitted). This rule recognizes that it would be "inequitable to allow individuals who form contracts on behalf of nonexistent corporations to avoid liability because

6

their misrepresentations resulted in a contractual defect." *Id. See also Nigro v. Dwyer*, 438 F. Supp. 2d 229, 233-34 (S.D.N.Y. 2006) (finding that a corporate officer may be found personally liable under New York law if he or she "signs a contract on behalf of a corporation while the corporation is dissolved for failure to pay its franchise taxes . . . ."). Accordingly, by signing the CBA and doing business on behalf of a nonexistent corporation, Wilby assumed personal liability for the obligations the CBA imposes on Avaline. Wilby therefore qualifies as "an employer" under Section 1145, and is personally liable for plaintiffs' claims pursuant to that statute.

*2. ERISA Liability*

Plaintiffs have established the elements of liability required to state a claim pursuant to 29 U.S.C. § 1145, which provides:

> [e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

29 U.S.C. § 1145. Plaintiffs allege that they are trustees of multiemployer benefit plans as defined by ERISA. Compl. ¶¶ 2, 3. Local 282 entered into a CBA with defendant Avaline, under which Avaline was obligated to submit remittance reports and pay contributions to the Funds. *Id.* ¶¶ 10, 11, 14, 15. Plaintiffs' complaint alleges that defendants failed to file monthly reports and to pay contributions, although the complaint does not provide a specific date of delinquency. *Id.* ¶¶ 13, 14, 15.

While, as noted above, plaintiffs concede that Wilby has paid all of the principal amounts due for the weeks ending July 6, 2007 through January 31, 2008, plaintiffs are still entitled to

interest, liquidated damages, and attorney's fees with respect to these delinquent payments. *See Iron Workers Dist. Council of Western N.Y. & Vicinity Welfare & Pension Funds v. Hudson Steel Fabricators & Erectors, Inc.*, 68 F.3d 1502, 1507 (2d Cir. 1995) (holding that a plaintiff is entitled to obtain the forms of relief listed in § 1132(g)(2) despite a defendant's payment of delinquent contributions, and noting that "the judgement under § 1132(g)(2) will necessarily reflect fewer than all of the forms of relief available under that provision if partial relief has been obtained by way of paid-up contributions. . . . [T]he amount of an award of interest or liquidated damages should logically be predicated upon the amount of the unpaid contributions originally at issue, whether or not outstanding at the time of judgment, since that amount correctly measures the damage caused by the delinquency."). In addition, the CBA and Trust Agreement provide a contractual basis for the assessment of interest, liquidated damages, and attorney's fees in the event of untimely contribution payments. Schreiber Aff. ¶¶ 13, 14 & Exs. B, C. Although this relief is available as a matter of law, before awarding such relief, I must determine whether plaintiffs' complaint was sufficient to put defendant on notice that this relief was requested.

Federal Rule of Civil Procedure 54(c) generally limits recovery on a default judgment to the relief sought in the complaint. FED. R. CIV. P. 54 (c) ("A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings.")

> The rationale . . . is that default is tantamount to consent to the entry of judgment, but this consent is effective only to the extent that it was duly informed. If greater relief had been demanded, the defendant might have entered the action and defended on the merits, both as to liability and the requested relief. It would therefore be unjust to award relief greater than that demanded in the judgment by default.

MOORE'S FEDERAL PRACTICE § 54.71[1] (2008). *See also Silge v. Merz*, 510 F.3d 157, 159 (2d Cir. 2007) (holding that the district court correctly applied Rule 54(c) by declining to award

prejudgment interest because plaintiff failed to seek it in his complaint).  Rule 54(c) is not violated, however, when a court awards additional unpaid contributions that become due and owing after suit was filed, so long as a defendant was put on notice in the complaint that the plaintiff might seek such relief.  *See King v. STL Consulting, LLC*, 2006 WL 3335115, at *4-5 (E.D.N.Y. Oct. 3, 2006); *Ames v. Stat Fire Suppression, Inc.*, 227 F.R.D. 361, 362 (E.D.N.Y. 2005).  For example, courts in this district have frequently awarded damages in excess of the amount sought in the complaint where a plaintiff in an ERISA default action specifically requests unpaid contributions, together with interest and liquidated damages, that become due and owing during the pending litigation.  *See LaBarbera v. Interstate Dev. Group Inc.*, 2008 WL 858985, at *4 (E.D.N.Y. Mar. 31, 2008) (awarding damages that became due during the pendency of an ERISA default action where plaintiff specifically requested such damages); *Trustees of Plumbers & Pipefitters Nat'l Pension Fund v. Daniel Weintraub & Assocs. Inc.*, 2007 WL 4125453, at *5-6 (E.D.N.Y. Nov. 16, 2007) (same); *Ames,* 227 F.R.D. at 362 (finding that a district court has discretion to award ERISA damages that accrue during the litigation where such damages are "explicitly" asked for in the complaint).  This language puts defendants on notice that they could be held liable for additional damages that accrue after the complaint has been filed.  *See, e.g., Interstate Dev. Group*, 2008 WL 858985, at *4 (finding a claim of relief requesting damages that became due and owing during the pending litigation, and a similar demand in the "Wherefore Clause", to constitute sufficient notice for damages that became due after the filing of the complaint through the date of entry of default).

Plaintiffs' complaint demands that interest and liquidated damages be awarded based on the amount shown to be due and owing in the outstanding reports.  Compl. at Wherefore Clause.

9

As mentioned above, at the time the complaint was filed, the only outstanding forms would have been from July 6, 2007, when the CBA was signed, until the filing of the complaint, on November 9, 2007. In their motion for default judgment and supplemental declaration, plaintiffs seek penalties for delinquent contributions for the weeks ending November 2, 2007 through January 31, 2008 – time periods for which reports were not delinquent at the time the case was filed.[1] Unlike the pleadings in the cases cited above, plaintiffs' complaint in this case does not specifically seek payment of interest and liquidated damages on delinquent contributions that would become due and owing while the case was pending. By demanding interest and liquidated damages on payments that were not outstanding at the time the complaint was filed, plaintiffs now seek a judgment different in kind than that demanded in their complaint in violation of Rule 54(c). *See Silge*, 510 F.3d at 160. Plaintiffs "could easily have drafted a complaint that included a distinct claim for [interest and liquidated damages on unpaid or delinquent contributions that became due during the litigation] in the demand clause. By operation of Rule 54(c), [their] failure to do so, intentional or not, ran the risk that [their] damages would be limited in the event of default." *Id.* Thus, I respectfully recommend that plaintiffs not be awarded interest or liquidated damages on delinquent contributions for the weeks ending November 2, 2007 through

---

[1] While reports for the week ending November 2, 2007 would appear to have been delinquent at the time the case was filed, I do not find defendant liable for penalties on these delinquent payments. Under Section 12(G) of the CBA, an employer is entitled to written notice that a payment is due. Schreiber Aff., Ex. B. Upon receipt of such notice, an employer has five days to make the requested payment before the Union may invoke the economic penalties available under ERISA. *Id.* Here, plaintiffs' Exhibit I indicates that defendant was notified about its delinquency for the week ending November 2, 2007 on November 13, 2007. *Id.*, Ex. I. Thus, defendant had five days from November 13, 2007 to make a payment before the ERISA penalty provision could be invoked. Because this date occurred after the filing of the complaint, and for the reasons stated in the text, defendant is not liable for penalties associated with these delinquent payments.

January 31, 2008.

*B. Damages*

Although the allegations of a complaint pertaining to liability are deemed admitted upon entry of a default judgment, allegations relating to damages are not. *See Greyhound Exhibitgroup*, 973 F.2d at 158. Rather, claims for damages generally must be established in an evidentiary proceeding at which the defendant is afforded the opportunity to contest the amount claimed. *Id*. A court must ensure that there is a basis for the damages sought by a plaintiff before entering judgment in the amount demanded. *See Fustok v. ContiCommodity Servs., Inc.*, 873 F.2d 38, 40 (2d Cir. 1989). A court may make this determination based upon evidence presented at a hearing or upon a review of detailed affidavits and documentary evidence. *See* FED. R. CIV. P. 55(b)(2); *Action S.A. v. Marc Rich & Co., Inc.*, 951 F.2d 504, 508 (2d Cir. 1991); *Fustok*, 873 F.2d at 40. Plaintiffs have submitted an attorney's affirmation and a declaration detailing plaintiffs' calculation of damages, the relevant CBA, a Trust Agreement, remittance report forms, and other pertinent documents. Docket Entries 5, 9. Defendant Wilby has not submitted any opposition. Accordingly, a hearing on the issue of damages is not warranted.

The damages recoverable for a violation of Section 1145 are enumerated in Section 1132(g)(2), which provides that

> the court shall award the plan–
> 
> > (A) the unpaid contributions,
> > (B) interest on the unpaid contributions,
> > (C) an amount equal to the greater of–
> >    (i) interest on the unpaid contributions, or
> >    (ii) liquidated damages provided for under the plan in an
> >       amount not in excess of 20 percent . . . of the amount
> >       determined by the court under subparagraph (A),
> > (D) reasonable attorney's fees and costs of the action, to be paid

>                  by the defendant, and
>           (E)    such other legal or equitable relief as the court deems
>                  appropriate

29 U.S.C. § 1132(g)(2).

   *1. Interest*

   Plaintiffs seek an award of interest for delinquent payments for the weeks ending July 6, 2007 through October 31, 2007, in the amount of $114.18. Schreiber Aff. ¶¶ 17, 18, 19 & Ex. F. For ERISA violations, Section 1132 states that interest is calculated "using the rate provided for under the plan, or, if none, the rate prescribed under section 6621 of Title 26." 29 U.S.C. § 1132(g)(2). Pursuant to an amendment to the Trust Agreement, the applicable interest rate is 18% per annum. Schreiber Aff., Ex. G. Plaintiffs' interest calculations appear to be correct. Therefore, I respectfully recommend that plaintiffs be awarded $114.18 in interest.

   Plaintiffs also seek an award of interest for delinquent payments for the weeks ending November 2, 2007 through January 31, 2008, in the amount of $62.84. Supp. Schreiber Decl. ¶ 6. For the reasons discussed above, I respectfully recommend that plaintiffs not be awarded these damages.

   *2. Liquidated Damages*

   Plaintiffs seek $362.30 in liquidated damages for the weeks ending July 6, 2007 through October 31, 2007. Schreiber Aff. ¶¶ 17, 18, 19 & Ex. F. Section 1132(g)(2)(C) provides for liquidated damages in an amount equal to the *greater* of interest on unpaid contributions, or an amount provided for in the governing plan not to exceed 20% of the delinquent contributions. 29 U.S.C. § 1132(g)(2). Section 3 of the Trust Agreement provides for liquidated damages of 20% of the unpaid contributions. Schreiber Aff., Ex. C. Plaintiffs' calculations again appear to

be correct. Therefore, I respectfully recommend that plaintiffs be awarded $362.30 in liquidated damages.

Plaintiffs also seek liquidated damages for the weeks ending November 2, 2007 through January 31, 2008. Supp. Schreiber Decl. ¶ 6. For the reasons discussed above, I respectfully recommend that plaintiffs not be awarded these damages.

*3. Attorney's Fees and Costs*

Plaintiffs are entitled to recover reasonable attorney's fees and costs. Upon a finding that a defendant has been delinquent in paying contributions, liability for attorney's fees under Section 1132(g)(2) is mandatory. *See Iron Workers Dist. Council of Western N.Y.,* 68 F.3d at 1506.

All claims for attorney's fees in the Second Circuit must comply with *New York State Association for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983), which requires that contemporaneous time records be submitted with all fee applications. *See also Plumbers Local No. 371 Joint Plumbing Indus. Bd. Pension Fund v. Frank Liquori Plumbing & Heating, Inc.*, 1996 WL 445065, at *5 (E.D.N.Y. June 26, 1996) (acknowledging that attorney's fees are mandatory under Section 1132(g)(2), but denying fees where plaintiff failed to comply with the requirements of *Carey*).

Plaintiffs have submitted an attorney's affirmation and a supplemental declaration, as well as supporting contemporaneous time records. Schreiber Aff. ¶¶ 30, 31 & Ex. K; Supp. Schreiber Decl. ¶¶ 7, 8, 9 & Ex. B. Plaintiffs seek $4,324.00 in attorney's and paralegal's fees. *Id.* The hourly rates sought are reasonable and the hours expended are adequately documented and seem reasonable as well. Thus, I respectfully recommend that plaintiffs be awarded

$4,324.00 in legal fees.

Additionally, plaintiffs request $567.25 in costs and provide a summary of the expenses incurred. Schreiber Aff., Ex. K; Supp. Schreiber Decl., Ex. B. The costs are appropriate and I therefore recommend that plaintiffs be awarded $567.25 in costs.

*4. Injunctive Relief*

Plaintiffs also seek a permanent injunction directing defendant to comply with the terms of the CBA, and enjoining defendant from future violations. Compl. at Wherefore Clause; Schreiber Aff. ¶¶ 33-36. Where a defendant is in default, a court may issue a permanent injunction, provided that the plaintiff demonstrates that "(1) it is entitled to injunctive relief under the applicable statute and (2) it meets the prerequisites for the issuance of an injunction." *La Barbera v. Les Sub-Surface Plumbing Inc.*, 2008 WL 906695, at *10 (E.D.N.Y. Apr. 3, 2008) (citation omitted). Section 1132(g)(2)(E) provides that a plaintiff who is successful in an ERISA action for delinquent payments may also obtain "such other legal or equitable relief as the court deems appropriate." Accordingly, a permanent injunction is an appropriate remedy under ERISA, see, e.g., *Beck v. Levering,* 947 F.2d 639, 641 (2d Cir. 1991), and thus plaintiffs have satisfied the first condition. The Second Circuit has cautioned, however, that "injunctive relief does not follow automatically upon a finding of statutory violations . . . ." *Les Sub-Surface Plumbing*, 2008 WL 906695, at *10 (quoting *Huntington v. Marsh*, 859 F.2d 1134, 1143 (2d Cir. 1988)). "Plaintiffs must also show irreparable harm and the absence of an adequate remedy at law in order to obtain a permanent injunction." *Id.* (citing *Rondeau v. Mosinee Paper Corp.*, 422 U.S. 49, 57, 95 S. Ct. 2069 (1975)). Plaintiffs have not satisfied this second condition. Plaintiffs offer only the conclusory allegation that defendant's failure to "promptly report and pay . . . will

14

continue to cause [them] irreparable damage." Compl. ¶ 18. Defendant, however, filed all required reports and paid all principal amounts outstanding while this action was pending. The amount of interest and liquidated damages due and owing is small. Thus, I conclude that plaintiffs have failed to show that they will suffer irreparable harm, or that money damages will prove inadequate to deter future violations, absent an injunction. *See, e.g., Les Sub-Surface Plumbing*, 2008 WL 906695, at *10. Accordingly, I respectfully recommend that plaintiffs' request for a permanent injunction be denied.

**Conclusion**

For the reasons stated above, I respectfully recommend that the claims against defendant Avaline Trucking Inc. be dismissed, and that judgment be entered against defendant Sharon May Wilby in the following amounts: $114.08 in interest, $362.30 in liquidated damages, $4,324.00 in legal fees, and $567.25 in costs.

Any objections to the recommendations made in this Report must be filed within ten days of this Report and Recommendation and, in any event, on or before July 23, 2009. Failure to file timely objections may waive the right to appeal the District Court's Order. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(e), 72; *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989). Plaintiff is hereby directed to serve copies of this Report and Recommendation upon defendants at their last known addresses, and to file proof of service with the Court.

/s/
**STEVEN M. GOLD**
**United States Magistrate Judge**

Brooklyn, New York
July 9, 2009

U:\IRM 2008-2009\Damages Inquests\La Barbera v. Avaline\labarbera v. avaline_inquest_FINAL.wpd